# IN THE COURT OF APPEALS OF IOWA

No. 18-0372
Filed September 26, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**GREGORY EARL JORDAN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Brook K. Jacobsen, District Associate Judge.

The defendant appeals his conviction of theft in the third degree following a jury trial. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

This appeal arises following a jury trial where Gregory Jordan was found guilty of theft in the third degree in violation of Iowa Code section 714.2(3) (2017). Jordan appeals his conviction by arguing his counsel was ineffective in failing to file a motion to suppress evidence and failing to object to testimony during trial. Because Jordan does not show prejudice, we affirm.

### I. Background Facts and Proceedings.

On August 22, 2017, Jordan entered a Von Maur store at College Square Mall in Cedar Falls. Security cameras and store employees observed Jordan taking necklaces from a jewelry counter and placing them in his pocket. Jordan then immediately left Von Maur without paying for the merchandise and was followed by a loss prevention officer into a nearby Younkers store, where Jordan was observed stealing clothes. The authorities were notified and police officers found Jordan just as he was leaving the mall. When questioned by police officers, Jordan admitted to stealing the necklaces and was taken back to Von Maur. In a back office, Jordan was surrounded by police officers and several Von Maur employees. Jordan signed a statement admitting he stole the necklaces and discussed prior instances of theft from the Von Maur and Younkers stores. Jordan indicated he stole from the stores to pay for drugs. At the conclusion of the interview, Jordan was arrested. Throughout the process, Jordan was never once read his *Miranda* rights.[1]

---

[1] In *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), the United States Supreme Court held that a suspect subjected to custodial interrogation must be warned of "the right to remain silent," anything said "can be used against [the suspect] in a court of law," "the right to the

Jordan's counsel did not file a pretrial motion to suppress the evidence obtained after police began interacting with Jordan. During the trial, the body cam footage from the police was presented as evidence to the jury. Additionally, the jury heard testimony about the interview in the back room of Von Maur, including that Jordan was stealing to pay for drugs and that he had also stolen from Younkers. Evidence of thefts occurring before August 22, 2017, were not presented to the jury.

The jury returned a guilty verdict after a very brief deliberation process, and Jordan was sentenced to two years in jail. Jordan appeals his conviction, arguing ineffective assistance of counsel on two grounds. First, he claims his counsel was ineffective by failing to file a motion to suppress the evidence obtained by police questioning and Von Maur personnel. Second, he claims counsel provided ineffective assistance by failing to object to testimony regarding the subsequent theft that occurred at Younkers.

## II. Scope of Review and Law.

Ineffective-assistance-of-counsel claims are reviewed de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *Id.* Here, we find the record to be adequate to decide Jordan's claim.

---

presence of an attorney," and if the suspect "cannot afford an attorney one will be appointed . . . prior to any questioning if so desired."

"To establish [a] claim of ineffective assistance of counsel, [a defendant] must demonstrate (1) . . . trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "Both elements must be proven by a preponderance of the evidence. However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citations omitted). To show prejudice, "the [defendant] must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* at 143 (citations omitted) (quoting *Strickland*, 466 U.S. at 694).

### III. Analysis and Conclusion.

We find Jordan's claims lack prejudice. Even if Jordan was successful in suppressing the Von Maur interview[2] and keeping the testimony about subsequent theft from Younkers from the jury, the verdict would not have been different. There is other overwhelming evidence of Jordan's guilt, including high-quality surveillance footage and eye-witness testimony. The jury would have had no

---

[2] We do not decide whether the Von Maur interview was a police interrogation that required *Miranda* warnings to be given in this case. We are, however, disturbed that Jordan was never given a *Miranda* warning while he was questioned by loss prevention employees in the presence of police officers. While this did not impact the outcome of this particular case, it is foreseeable that a failure to provide a *Miranda* warning during a store's interview with a suspect could result in suppression of evidence. *See, e.g.*, *People v. Jones*, 393 N.E.2d 443, 446 (N.Y. 1979) ("Although the store detectives who actually obtained the confession and other items may not have acted as police agents, the participation by the police was sufficient to create the type of custodial atmosphere which the *Miranda* rule was intended to alleviate.").

difficulty in returning a guilty verdict based on this evidence.  After reviewing the record, we find the exclusion of the evidence at issue would not give rise to the "reasonable probability" of undermining the confidence of the verdict required for ineffective assistance of counsel claims.  *See id.*  Accordingly, we affirm the district court's conviction through analysis of the element of prejudice alone.  *See id.*

**AFFIRMED.**